J-S13038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.          :
  :
  :
AUSTIN O. CARTNEY,      :
  :
Appellant     :     No. 1415 WDA 2017

Appeal from the PCRA Order September 19, 2017
in the Court of Common Pleas of Crawford County,
Criminal Division at No(s): CP-20-CR-0001196-2014

BEFORE: GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:         **FILED MAY 9, 2018**

Austin O. Cartney ("Cartney") appeals from the Order dismissing his first Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On April 27, 2015, Cartney entered a guilty plea to aggravated indecent assault. On July 21, 2015, the trial court sentenced Cartney to a prison term of two to four years. Cartney did not file a direct appeal.

On February 15, 2017, Cartney, *pro se*, filed the instant PCRA Petition. The PCRA court appointed Cartney counsel, who filed an Amended Petition. After providing Pa.R.Crim.P. 907 Notice of Intent to Dismiss, the PCRA court dismissed Cartney's Petition, without a hearing, as untimely filed. Cartney filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Cartney raises the following question for our review: "Whether the PCRA court erred in concluding that [Cartney's] PCRA [Petition] was untimely filed?" Brief for Appellant at 7 (capitalization added).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Cartney's Petition is facially untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b). However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Any PCRA Petition invoking

one of the exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2).

Cartney invokes the "newly-discovered facts" exception at 42 Pa.C.S.A. § 9545(b)(1)(ii), alleging that his sentence is illegal based upon the United States Supreme Court decision in *Alleyne v. United States*, 570 U.S. 99 (2013).[1] *See* Brief for Appellant at 15. Initially, based upon our review of the written Sentencing Order and sentencing hearing transcript, the trial court did not impose a mandatory minimum sentence.

However, even if the trial court had imposed a mandatory minimum sentence, judicial decisions are not "facts" that would invoke 42 Pa.C.S.A. § 9545(b)(1)(ii). *See Commonwealth v. Watts*, 23 A.3d 980, 986 (Pa. 2011). Thus, the "newly-discovered facts" exception does not apply.[2]

---

[1] In *Alleyne*, the United States Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. *Id.* at 103.

[2] In his PCRA Petition, Cartney invokes the "newly-recognized constitutional right" exception, 42 Pa.C.S.A. § 9545(b)(1)(iii), based upon *Alleyne*. However, Cartney's February 15, 2017 PCRA Petition was filed well over 60 days after June 17, 2013, the date that *Alleyne* was decided. *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2017) (stating that "[w]ith regard to an after-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision."). Further, the rule established in *Alleyne* does not apply retroactively where, as here, the judgment of sentence is final. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) (holding that "*Alleyne* does not apply retroactively to cases pending on collateral review.").

Therefore, lacking an exception to the timeliness requirements of the PCRA, the PCRA court properly dismissed Cartney's first PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/9/2018